U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 JUN -4 AM 11: 48

CLERK
BY ____XC____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

DENNIS CARROLL, )
   Plaintiff, )
)
v. ) Civil Action No. 2:19-cv-92
)
SCHWAN'S HOME SERVICE, INC., )
   Defendant. )

## COMPLAINT WITH JURY DEMAND

**NOW COMES** the Plaintiff, Dennis Carroll, by and through his attorneys, Pratt Vreeland Kennelly Martin & White, Ltd., and hereby complains against the Defendant as follows:

### PARTIES

1. Plaintiff Dennis Carroll ("Carroll") is a resident of Rutland Town, Vermont.

2. On May 22, 2017 Carroll worked as the Environmental, Health & Safety Manger at the OMYA® marble processing facility in Florence, Vermont.

3. Defendant Schwan's Home Service, Inc. ("Schwan's") is a for-profit foreign (Minnesota) corporation with a principal office address of 115 W. College Drive, Marshall, MN 56258.

4. Upon information and belief, Defendant Schwan's is "the largest direct-to-home frozen food delivery provider in the United States, and markets and delivers its products to millions of customers throughout the country via home delivery trucks." Opera Sols., LLC v. Schwan's Home Serv., Inc., No. CV 15-287-LPS, 2017 WL 1064673, at *1 (D. Del. Mar. 21, 2017).

5. Schwan's, or a subsidiary, franchisee, or other affiliate, operates a food depot distribution office located at 310 Innovation Drive in North Clarendon, Vermont, 05759 ("Rutland-area Schwan's location").

1

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. Box 280
RUTLAND, VT
05702-0280

6.  On May 22, 2017 ("the day of the crash") Michael J. Therrien (dob ▮▮▮/71) ("Therrien") was an employee of Schwan's.

7.  On the day of the crash Therrien was principally based for employment purposes out of the Rutland-area Schwan's location.

## SUBJECT-MATTER JURISDICTION

8.  Diversity jurisdiction is proper pursuant to 28 USC § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, Carroll is a resident of Vermont, and Schwan's principal place of business is outside of Vermont.

## PERSONAL JURISDICTION

9.  Schwan's sells and delivers food to homes within Vermont and the crash that is the subject of this lawsuit happened in Vermont in connection with those commercial activities.

## VENUE

10. Venue is proper in the District of Vermont because the event giving rise to the claim, namely the vehicular crash that injured Carroll, occurred within the District of Vermont, in the village of Pittsford within Rutland County. See, 28 USCA § 1391(b)(2).

## THE CRASH

11. On the day of the crash, at approximately 11:45 AM, Therrien was operating a commercial refrigerated food delivery truck owned by Schwan's, Minnesota license plate number PR29623 ("Schwan's truck"), headed north on US Route 7 within the village of Pittsford, Vermont.

2

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

12. The Schwan's truck had a gross vehicle weight rating (GVWR) in excess of 10,001 pounds and thus was subject to the requirements of the United States Department of Transportation's Federal Motor Carrier Regulations.

13. On the day of the crash Therrien was operating the Schwan's truck within the scope of his employment as a "Route Sales Representative" (deliveryman) for Schwan's in order to serve Schwan's commercial interests.

14. At the time of the crash Therrien was employed by Schwan's to operate the Schwan's truck on Vermont's public highways such as US Route 7 in the Town of Pittsford where the crash occurred.

15. On the day of the crash at approximately 11:45 AM Carroll was driving to work in Florence in his leased 2015 Toyota Tacoma pickup truck traveling north on US Route 7 within the village of Pittsford, Vermont.

16. Carroll's Toyota was traveling directly in front of the Schwan's truck driven by Therrien.

17. Carroll exercised due care in driving his Toyota through the village of Pittsford on his way to work on May 22, 2017.

18. As Carroll approached the intersection of US Route 7 and Depot Hill Road he applied his brakes, activated his left turn directional signal, and came to a complete stop in order to yield to on-coming southbound traffic traveling in the opposite lane of US Route 7.

19. While Carroll's Toyota was completely stopped, Therrien drove the Schwan's truck into the rear of Carroll's Toyota and then beyond into a parked Ford Mustang in the sales lot of the Pittsford Automotive Center (hereafter "the crash").

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. Box 280
RUTLAND, VT
05702-0280

20. After the crash Therrien told the investigating State Trooper that he "did not see" Carroll's Toyota directly in front of him.

21. On June 6, 2017 Therrien was adjudicated to have been in violation of 23 VSA § 1039(a) for following Dennis Carroll too closely immediately before the crash.

## COUNT ONE - NEGLIGENCE (RESPONDEAT SUPERIOR)

22. Therrien departed from the applicable standard of care by driving the Schwan's truck too fast for the conditions present considering the Schwan's vehicle's mechanical capabilities, traffic congestion, the fact that he was driving in a mixed residential-commercial district, the fact that he was approaching a busy convenience store/gas station ("Keith's Trading Post") located at an intersection, and the fact that he was driving a multiple-ton refrigerated commercial vehicle with unknown braking capacity laden with heavy frozen food. See, 23 VSA § 1081(a); see, also, Parker v. Gunther, 122 Vt. 68, 70, 164 A.2d 152, 153 (1960) (tractor-trailer truck traveling at a speed of 15 to 18 mph in a school zone may have been negligently excessive speed).

23. Therrien departed from the applicable standard of care by following Carroll's Toyota too closely for the conditions present, the Schwan's vehicle's mechanical capabilities and his own attention capabilities. See, 23 VSA § 1039(a); see, also, Williamson v. Clark, 103 Vt. 288, 153 A. 448, 450 (1931) ("...the rule is stated thus: *'In trailing other cars, a motorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the*

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. Box 280
RUTLAND, VT
05702-0280

way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic'") (emphasis added).

24. Therrien departed from the standard of care by not keeping a careful look out for stopped vehicles in front of him. See, e.g., Roberts v. State, 147 Vt. 160, 166, 514 A.2d 694, 697 (1986) ("More specifically, a driver is presumed to see what is 'within the range of his vision, and it will not avail him to say that he looked and did not see what he could not help seeing if he had looked'").

25. Upon information and belief - based on the speed of the Schwan's heavy truck at impact with Carroll's Toyota, Therrien's extremely late reaction, the fact that he claimed to not see a pickup truck directly in front of him, the force of the secondary collision of the Schwan's truck into the parked Ford Mustang, the nature of the residential delivery work in which Therrien was engaged, and his post-crash termination by Schwan's - it is more likely than not the case that Therrien was either unlawfully distracted by a handheld or dashboard-mounted electronic device (e.g., cellular phone, GPS device or a Schwan's portable digital delivery management computer) at the time of the crash, or was under the influence of a controlled substance, or both, in either case in violation of the applicable standard of care. See, 23 VSA § 1095b(d)(1); see, also, 23 VSA § 4125.

26. Each of Therrien's departures from the applicable standard of care while operating the Schwan's truck on May 22, 2017, alone and in concert, directly and proximately caused the crash into the rear of Carroll's Toyota.

5

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

27. Therrien's adjudicated violation of 23 VSA § 1039(a) represents negligence *per se* and works under the concept of res judicata to conclusively establish Therrien's breach of his duty to use reasonable care in following Carroll by doing so at a safe distance.

28. Schwan's is liable for Therrien's negligence in the course of his employment under the doctrine of *respondeat superior* and therefore Schwan's is liable to Carroll.

29. Dennis Carroll was not contributorily negligent for the crash and did not cause his own injuries.

## COUNT 2 – DIRECT NEGLIGENCE

30. Schwan's had a duty to use reasonable care to not employ business practices that created an unreasonable risk of harm to motorists.

31. Upon information and belief, Schwan's breached the foregoing duty of care through a combination of decisions acting in concert including its home food delivery business model, its performance expectations for "Route Sales Representatives", its utilization of heavy refrigerated food trucks with poor braking performance capabilities but keeping them just under the legal weight that requires use of drivers with commercial driver's licenses, its mandate that "Route Sales Representatives" use hand-held computers on their routes, its failure to utilize widely available, cost-effective, heavy truck safety devices, i.e., a laser or radar front collision avoidance systems employing autonomous braking, its use of this particular dilapidated and mechanically suspect 2010 GMC truck, and its deficient driver safety screening, training and performance monitoring policies.

32. Autonomous braking front collision avoidance systems when paired with audible collision warning alarms have been found to reduce the risk of crashes such as the one that injured

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

Plaintiff by around 50% when employed together as compared with vehicles that lack the two widely available, cost-effective technologies. Cicchino, Jessica, *"Effectiveness of Forward Collision Warning Systems with and without Autonomous Emergency Braking in Reducing Police-Reported Crashes"*, Insurance Institute for Highway Safety (2016).

33. Upon information and belief, the 2010 high-mileage Schwan's GMC truck was registered in Minnesota and last inspected in New York in November of 2016 and was in poor cosmetic and mechanical condition at the time of the crash.

34. Upon information and belief, discovery will reveal that the Schwan's 2010 GMC truck was out of compliance with Federal Motor Carrier Safety Administration Regulations or Vermont minimum commercial vehicle mechanical requirements, or both.

35. Schwan's breached its duty to use reasonable care to not employ business practices that created an unreasonable risk of harm to motorists such as Dennis Carroll.

36. Schwan's breach of its duty of care proximately caused the crash that injured Carroll.

## CRASH INJURIES

37. Carroll suffered serious injuries to his neck and lower back in the crash.
38. Carroll suffered a prolapse of the disk located at C4-C5 in the crash.
39. Carroll suffered a prolapse of the disk located at C5-C6 in the crash.
40. Carroll suffered a prolapse of the disk located at C6-C7 in the crash.
41. Carroll suffered a disk bulge at L3-L4 in the crash.
42. Carroll suffered both an anterior and posterior disc displacement prolapse at L4-L5 in the crash.
43. Carroll suffered a lateral prolapse at L5-S1 in the crash.

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Dennis Carroll, relying on Counsel, respectfully prays that the Honorable Court permit and endorse a jury award to him for such monetary relief as is lawful and proper under the evidence presented at trial including, but not necessarily limited to:

1. Compensation for past and future medical bills;
2. Compensation for past lost earnings;
3. Compensation for past and future pain, suffering and mental anguish;
4. Compensation for past and future diminished quality of life and enjoyment of ordinary pursuits;
5. Compensation for incidental damages such as for mileage traveled to and from medical treatments and payments made to third parties for household work he formerly did for his family himself;
6. Pre-judgment interest at the statutory rate of 1% per month, non-compounding, as a matter of right on all sum certain damages from the dates they were incurred to the date of judgment;
7. Costs including suit filing fee, deposition, expert, and ENE expenses; and,
8. Punitive damages if warranted by the evidence admitted into evidence at trial in an amount to be set by the finder of fact in consideration of Schwan's gross annual revenue.

Totaling an amount in excess of $689,831.88.

## JURY DEMAND

Dennis Carroll demands a jury trial under the 7th Amendment to the U.S. Constitution.

**DATED** at Rutland, Vermont this 4th day of June, 2019.

8

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. Box 280
RUTLAND, VT
05702-0280

-9-

*Pratt Vreeland Kennelly Martin & White, Ltd.,*

Counsel for Plaintiff, Dennis Carroll.

by: _____
Matthew D. Anderson, Esq.
64 North Main Street
Rutland, VT 05702-0890
(802) 775-7141
mda@vermontcounsel.com

PRATT VREELAND
KENNELLY MARTIN
& WHITE, LTD.
P.O. BOX 280
RUTLAND, VT
05702-0280